UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MITCHELL BOND,

                                Plaintiff,              Civil Action No.:

    -against-                                   **COMPLAINT**

CITY OF NEW YORK,                           **JURY TRIAL DEMANDED**

                                Defendant.
---------------------------------------------------------------X

       Plaintiff, MITCHELL BOND, by his attorney, George T. Peters, Esq., complaining of the defendant herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.    MITCHELL BOND brings this action for compensatory damages, punitive damages and attorney's fees pursuant to defendants' violation of his civil rights secured by 42 U.S.C. § 1983, 1985, 1986 and 1988, by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York. MITCHELL BOND is a twenty-three (23) year old male, citizen of the United States of America, the State of New York, County of Kings.

       2.    MITCHELL BOND was deprived of his constitutional and common law rights when defendant CITY OF NEW YORK through and its New York City Police Department agents, employees and/or officers falsely arrested and/or falsely imprisoned MITCHELL BOND, and caused MITCHELL BOND to become further physically, psychologically and emotionally injured. CITY OF NEW YORK was negligent in hiring, retaining and not properly training and supervising its employees.

## JURISDICTION

3. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 29 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff MITCHELL BOND is a male resident of the County of Kings, City and the State of New York.

8. Defendant CITY OF NEW YORK (hereinafter referred to as "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of

its agencies, New York Police Department officials, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

9. Defendant, CITY, employs police officers through the New York City Police Department (hereafter referred to as "NYPD") and as such is responsible for the practices, policies, and customs of the NYPD.

## STATEMENT OF FACTS

10. On or about August 11, 2010, MITCHELL BOND was arrested by NYPD for a Robbery.

11. MITCHELL BOND was imprisoned in Eastern Correctional Facility by CITY through NYPD for 3 years on robbery charges.

12. THE CITY OF NEW YORK case against MITCHELL BOND was dismissed in Winter 2013.

13. On or about Winter 2013, MITCHELL BOND was released after a New York Supreme Court Judge dismissed the charges against him as it was clear that he was not involved in the incident in connection with a robbery.

14. At all times mentioned herein, defendant acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to MITCHELL BOND's civil rights.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights
### New York Police Department False Arrest

15. Plaintiff MITCHELL BOND repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 14 with the same force and effect as if more fully set forth at length herein.


16. As a direct and proximate result of the defendant's actions, MITCHELL BOND was deprived of rights and privileges and immunities secured to him under the Constitution and laws of the State of New York and the United States, including, but not limited to his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 to be secure in his person, to be protected against cruel and unusual punishment, to be provided with humane condition of confinement, and to equal protection of the laws.

17. CITY established a custom, policy and/or practice of encouraging, approving and/or tolerating by NYPD's employees improper handling of civilians before, during and after arrests, and subsequent attempts to conceal such actions while failing to adequately train, supervise and discipline its agents, employees and/or officers

18. CITY and NYPD's actions in participating in, executing causing to be executed, failing to intervene to cause the cessation of, approving or ratifying the arrest of the plaintiff MITCHELL BOND violated the civil rights of plaintiff pursuant to the First, Fourth and Fourteenth Amendments to, and the Due Process Clause of the United States Constitution.

19. Defendants CITY and NYPD have adopted municipal policies, practices and customs that have caused the violation complained of herein; and in the alternate have actual or constructive notice of a pattern of constitutional violations described herein and has failed to take action, thereby allowing the continuation of such a police or custom, and causing the harms complained herein.

20. Defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

21. The acts and omissions of the CITY and NYPD defendants violated the constitutional rights of the plaintiff MITCHELL BOND.

22. Defendants CITY and NYPD have tolerated and failed to discipline and/or train officers regarding unlawful conduct towards persons, including specifically false arrest, thereby causing the violations complained of herein.

23. As a result of the aforesaid violation of MITCHELL BOND's rights, he has sustained emotional, physical, psychological injuries.

24. That by reason of the foregoing, MITCHELL BOND suffered serious physical and/or emotional injuries all to his damages in the sum of One Million Dollars ($1,000,000.00) as to plaintiff.

## SECOND CAUSE OF ACTION
### False Imprisonment

25. Plaintiff MITCHELL BOND repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully set forth at length herein.

26. At all times relevant herein all defendants acted with the intention of confining MITCHELL BOND within fixed boundaries, the act directly or indirectly resulted in confinement, and MITCHELL BOND was conscious of the confinement.

27. Defendants imposed by force or threat an unlawful restraint upon plaintiff MITCHELL BOND's freedom of movement, to wit by arresting his and transporting him to a facility where he was detained in a cell.

28. As a direct and proximate result of the conduct of Defendants, MITCHELL BOND suffered harm and damages including but not limited to the aforesaid damages.

29. Defendants CITY is liable for NYPD's under the doctrine of respondeat superior.

30. As a result of the foregoing, MITCHELL BOND seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
### Department Of Correction Negligence

31. Plaintiff MITCHELL BOND repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32. The above-mentioned acts and conduct committed by Defendant CITY constituted negligence for their failure to get MITCHELL BOND the aid he needed, failure to follow NYPD rules and procedure and failure to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by the NYPD, despite having reasonable opportunity to do so.

33. The Defendant CITY, their agents, servants or employees acted negligently, carelessly and recklessly in allowing MITCHELL BOND's rights to be violated.

34. As a result of the aforesaid, MITCHELL BOND sustained the injuries and damages previously described in this complaint.

35. As a result of the foregoing, MITCHELL BOND seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
### Malicious Prosecution

36. Plaintiff MITCHELL BOND repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. THE CITY instituted criminal process against the plaintiff with malice.

38. The charges were not based upon probable cause that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that MITCHELL BOND was guilty.

39. Defendant has a duty to ascertain whether there was reasonable and probable cause for a prosecution.

40. Defendant breached its duty.

41. The criminal proceeding was terminated in favor of MITCHELL BOND when the charges were dismissed by the Court.

42. As a result of the foregoing, MITCHELL BOND seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all defendants as follows:

(1) On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2) On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3) On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4) On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5) That Plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988; and

(6) That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: April 15, 2014
New York, New York

/s/ GEORGE T. PETERS
GEORGE T. PETERS, ESQ (GP 2661)
Law Office of George T. Peters
Plaintiff's Attorney
402 W. 145th Street, 2nd Floor
New York, New York 10031
(347) 751-0157
George.Peters@myatty1.com